UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| RAUL MORFFI | ) | Case No.: |
| Plaintiff, | ) | |
| vs. | ) | |
| MACYS INC; DEPARTMENT STORES | ) | |
| NATIONAL BANK; and EQUIFAX | ) | |
| INFORMATION SERVICES LLC. | ) | COMPLAINT |
| Defendants. | ) | |

Plaintiff, Raul Morffi (hereinafter "Plaintiff" or "Morffi") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' willful and reckless conduct concerning its erroneous credit reporting on Plaintiff's credit reports.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the in Clearwater, Pinellas County, state of Florida,

5. Defendant Macys Inc. ("Macys") is a corporation doing business in the State of Florida, with its corporate mailing address as 7 West Seventh St, Cincinnati Ohio 45202, and regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding Macy's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b)

6. Defendant, Department Stores National Bank ("DSNB") is a business entity that regularly conducts business in Florida with its principal place of business at 701 East 60th Street, Sioux Falls, South Dakota 57104. Department Stores National Bank regularly and in the ordinary

course of business furnishes information to various consumer reporting agencies regarding Department Stores National Bank's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

7.     Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in Florida with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

8.     On a date better known by Defendants, Plaintiff incurred consumer debts through personal, familial and household use of retail credit.

9.     On or about March 2018 the debt was charged off as a bad debt and placed for collections.

10.     Despite the debt being charged off, Defendants Macys and Department Stores National Bank accounts continue to report a monthly payment amount of $352.00 on Plaintiff's Equifax credit reports.

11.     This information is inaccurate as Plaintiff cannot owe a monthly payment amount to Macys and Department Stores National Bank as the debt had been charged off and sent for collections.

12.     On or about August 2019, Plaintiff sent a dispute to the credit reporting agencies Equifax.

13.     After receiving a dispute from Plaintiff concerning the erroneous information of the Defendants Macys and Department Stores National Bank Account, Equifax forwarded Plaintiff's disputes on to Macys and Department Stores National Bank.

14.     Defendants Macys and Department Stores National Bank failed to conduct a reasonable investigation and continued reporting an erroneous monthly payment obligation.

15.     Defendant Equifax's reporting of monthly payment obligations are skewed and misrepresents Plaintiffs ability to take on new credit.

15.     Defendant Equifax failed to conduct a reasonable investigation and continued allowing the reporting of the monthly payment.

16.     As a result of Defendants' actions, Plaintiff has suffered injury to credit worthiness. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on her credit report and to her credit worthiness.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY MACYS INC.

17.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

18.     At all times pertinent hereto, Macys Inc. was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

19.     Macys Inc. willfully and negligently supplied Equifax with information about Plaintiff that was false, misleading, and inaccurate.

20.     Macys Inc. willfully and negligently failed to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed. Defendant Equifax prepared consumer reports with the Macys Inc. error to third parties regarding Plaintiff.

21.     Macys Inc. willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

22.     Macys Inc. willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

23.      Macys Inc. willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

24.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports with the Macys error to third parties regarding Plaintiff.

24.      Macys Inc. willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

25.      As a direct and proximate cause of  Macys Inc.'s failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

26.      Macys Inc.'s conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative Macys Inc. was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Macys Inc. for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY DEPARTMENT STORES NATIONAL BANK.

27.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

28.     At all times pertinent hereto, Department Stores National Bank was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

29.     Department Stores National Bank willfully and negligently supplied Equifax with information about Plaintiff that was false, misleading, and inaccurate.

30.     Department Stores National Bank willfully and negligently failed to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed.

31.      Department Stores National Bank willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

33.     Department Stores National Bank willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

34.     Department Stores National Bank willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

35.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports with the Department Stores National Bank errors to third parties regarding Plaintiff.

36.     Department Stores National Bank willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

37.     As a direct and proximate cause of Department Stores National Bank's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness. Plaintiff has also

suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness

38.     Department Stores National Bank's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative Department Stores National Bank was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Department Stores National Bank for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

<u>**COUNT III**</u>
<u>**VIOLATION OF THE FAIR CREDIT REPORTING ACT**</u>
<u>**BY EQUIFAX**</u>

37.     Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

38.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

39.     Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

40.     After receiving Plaintiff's dispute highlighting the errors, Equifax negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

41.     As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

42.    Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

43.    Equifax's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

44.    Plaintiff demands a jury trial on all issues so triable.

Dated this 28th day of July, 2021.

Respectfully Submitted,

/s/ Matthew Fornaro
Matthew Fornaro
Matthew Fornaro, P.A.
11555 Heron Bay Boulevard, Suite 200
Coral Springs, Florida 33076
(T) 954-324-3651
Attorney for Plaintiff